**THOMAS, THOMAS & HAFER, LLP**                    Attorneys for Plaintiff:
By: James Cardenas, Esquire                    **Frederick Mutual Insurance Company**
Attorney Identification No. 004161998
100 Corporate Drive, Suite 203
Lebanon, NJ 08833
908-574-0510
jcardenas@tthlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

FREDERICK MUTUAL INSURANCE COMPANY

        Plaintiff,

        VS.                                       **CIVIL ACTION NO. 3:26-cv-3356**

ARTISAN STONE RESTORATION, LLC,

        AND                                       **COMPLAINT**

STONE-TECH FABRICATIONS, INC.,

        Defendants.

---

Plaintiff, Frederick Mutual Insurance Company (hereinafter "Frederick Mutual"), by and through its attorneys, Thomas, Thomas & Hafer, LLP, hereby files this Complaint seeking Declaratory Judgment and in support thereto avers as follows:

## NATURE OF ACTION

1.     Plaintiff, Frederick Mutual, brings this action seeking a declaration that they have no obligation to defend or indemnify Artisan Stone Restoration, LLC ("Artisan Stone") in the lawsuit titled *Stone-Tech Fabrications, Inc. v. Artisan Stone Restoration, LLC,* Superior Court of New Jersey, Law Division: Mercer County; Docket No.: MER-L-0524-25(the "Underlying Lawsuit) because of the Exclusions contained in the policy issued to Defendant Artisan Stone.

## GENERAL ALLEGATIONS

**The Parties**

2.     Plaintiff, Frederick Mutual is a Maryland corporation with a principal place of business at 57 Thomas Johnson Drive in Frederick, Maryland 21702.  Therefore, Frederick Mutual's citizenship is the State of Maryland.

3.    Frederick Mutual issued an insurance policy, with an inception date of October 29, 2023 to Artisan Stone bearing policy number BP21912044 ("the Policy"), which provided liability coverage for its operations.  See Frederick Mutual Policy, attached as **Exhibit A**.

4.    Defendant Artisan Stone operates throughout the state of New Jersey with a registered agent at 900 Haddon Avenue, Suite 114, Collinswood, New Jersey 08108.

5.    Defendant, Stone-Tech Fabrications, Inc. ("Stone-Tech"), is a New Jersey corporation incorporated in the State of New Jersey, with a principal place of business at 930 New York Avenue, Trenton, New Jersey 08638.

**Jurisdiction and Venue**

6.    This Complaint is an action for Declaratory Judgment pursuant to the New Jersey Declaratory Judgment Act, N.J.S.A § 2A: 16-51, *et seq.,* as well as pursuant to the Federal Declaratory Judgment Act, 18 U.S.C. § 2201, *et. seq.*

7.    This matter arises from a lawsuit that Stone Tech initiated against Defendant Artisan Stone, which matter is currently pending in the Superior Court of New Jersey, Law Division, Mercer County, under the caption *Stone-Tech Fabrications, Inc. v. Artisan Stone Restoration, LLC,* Superior Court of New Jersey, Law Division: Mercer County; Docket No.: See Complaint filed in the Underlying Lawsuit, attached as **Exhibit "B"**).

8.    As set forth more fully below, Stone Tech pled causes of action against Artisan Stone for Breach of Contract and Breach of Warranties (See **Exhibit "B"**) in connection with work performed at a residence located at 44 Cradle Rock Road, Princeton, New Jersey 08540 ("the Property")

9.    Based upon the allegations contained within the Complaint filed in the Underlying Lawsuit, Frederick Mutual now brings this Declaratory Judgment action to determine whether it has a duty to defend or indemnify Defendant Artisan Stone.

**The Underlying Lawsuit**

10.     Stone-Tech alleges that it entered into a verbal contract with Artisan Stone to clean portions of white marble in a bathroom at the Property.

11.     Artisan Stone utilized several types of cleaning chemicals, which allegedly caused material damage to the white marble that was sold and installed by Stone-Tech.

12.     As a result of Artisan Stone's negligent cleaning methods, the marble was damaged beyond repair, requiring Stone-Tech to uninstall the damaged marble and other related bathroom items at the Property.

13.     Stone-Tech incurred cost remedying the damage caused by Artisan Stone's negligence, including the installation of new marble and related bathroom items.

14.     Stone-Tech seeks reimbursement from Artisan Stone for the cost associated with the removal and replacement of the damaged marble and bathroom items.

15.     Discovery exchanged in the underlying matter identifies the bathroom items as bathroom fixtures that were installed on and/or in the marble shower surround.  See Discovery responses, Nos. 2, 5 & 22  attached as **Exhibit "C"**.

16.     No invoices were produced by Stone-Tech related to the repair and/or replacement of the bathroom fixtures.

17.     Stone-Tech produced an invoice in the amount of $131,012.60 in support of its damages claim.  See Invoice, attached as **Exhibit "D"**. The invoice is related only to the removal and replacement of the marble shower surround. No additional documents were produced in support of Stone-Tech's claim for damages.

18.     The damages sought by Stone-Tech are related only to the removal and replacement of the marble allegedly damaged by Artisan Stone.

19.     The expert report of Douglas Townsend, dated April 17, 2024, concluded that Artisan Stone's application of chemicals to the marble damaged the marble in the shower enclosure. The report also found that there was no damage to the bathroom fixtures that were present in the area where Artisan Stone performed the cleaning of the marble. See Townsend Report, attached as **Exhibit "E".**

20.     Photographs exchanged in discovery in the underlying case further show the areas allegedly damaged by the faulty workmanship of Artisan Stone, which include the marble surround and shower fixtures installed on the marble surround. See Photographs attached as **Exhibit "F".**

## The Policy of Insurance

21.     At all times material hereto, Defendant Artisan Stone maintained a policy of insurance with Frederick Mutual.

22.     The policy defines an "Occurrence" as (1) "An accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in "bodily injury" or "property damage".

23.     The Policy is also subject to several applicable or potentially appliable Exclusions. In particular, the Liability Coverage does not apply to:

*k. Damage to Property*

*"Property Damage to:*

*(5) **That particular part of real property on which you or any contractor or subcontractor working directly or indirectly** on your behalf is performing operations, if the "property damage" arises out of those operations; or*

*(6) **That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.***

*…Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard[1]."*

*….*

*l. Damage to Your Product*

***"Property Damage" to "your product" arising out of it or any part of it***

*....*

*m. Damage to Your Work*

*"Property Damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." This Exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

*...*

*n. Damage To Impaired Property or Property Not Physically Injured*

*"Property Damage" to "Impaired Property[2]" or property that has not been physically injured, arising out of:*

> *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

> *(2) A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

*This exclusion does not apply to the loss of use of other property arising out of sudden and accidentally physical injury to "your product" or "your work" after it has been put to its intended use."*

The Policy Defines the "Products-Completed Operations Hazard" as follows:

*16. "Products-completed operations hazard":*

*a. Includes all "bodily injury and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:*

> *(1) Products that are still in your physical possession; or*

*(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:*

*(a) When all of the work called for in your contract has been completed*

*(b) When all of the work to be done at the job site has been completed  if your contract  calls for work at more than once job site;*

*(c) When that part of the work done at the job site has been put to its intended use by any other person or organization other than another contractor or subcontractor working on the same project.*

***Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.***

24.     The Policy Defines "Impaired Property" as follows:

*8. "Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:*
*a. It incorporates "your product" or your work" that is known or thought to be defective, deficient, inadequate or dangerous; or*
*b. You have failed to fill the terms of a contract or agreement;*
*if such property can be restored to use by:*
*(1) The repair, replacement, adjustment or removal of "your product" or "your work"; or*
*(2) Your fulfilling the terms of the contact or agreement.*

25.      On May 4, 2024, Frederick Mutual issued an initial Reservation of Rights letter to Artisan Stone.  See Frederick Mutuals, May 4, 2024 letter, attached as **Exhibit "G".**

26.     On April 30, 2025, Frederick Mutual issued an updated Reservation of Rights letter to Artisan Stone under the Policy. See Frederick Mutual's April 30, 2025 letter, attached as **Exhibit "H".**

27.     Following the completion of discovery, the Undersigned Counsel issued a third Reservation of Rights letter on March 19, 2026.  See March 19, 2026 letter, attached as **Exhibit "I".**

28.     Frederick Mutual is currently providing a defense of the Defendant, subject to the reservations of rights to deny coverage and withdraw the defense  due to the allegations of claims not subject to coverage under the policy.

## COUNT I – DECLARATORY JUDGMENT

29.     Frederick Mutual hereby incorporates by reference the preceding paragraphs of this Declaratory Judgment Complaint as though the same were set forth more fully at length herein.

30.     As indicated in the disclaimer letters (Exhibits E-G), the Policy contains multiple exclusions to coverage related to claims arising from or related to an insured's faulty workmanship.

31.     An actual controversy exists as to whether, based upon the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the Policies at issue, Frederick Mutual has an obligation to defend and indemnify Defendants for the claims asserted against them in the underlying lawsuit.

32.     Frederick Mutual seeks a declaration that it owes no coverage to Defendants for the claims asserted in underlying lawsuit based on the express terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language included in the Policy at issue.

33.     As quoted above, the policies provide liability coverage for those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage caused by an "occurrence."  And an occurrence is defined in relevant part as an "accident."

34.     A businessowners policy generally does not provide coverage for faulty workmanship which requires only replacement or repair of the work performed by an insured pursuant to the terms of a contract. Nor does it serve as a performance bond or a guaranty of goods or services.

35.     Claims premised on faulty work being performed by an insured and the need to replace that very work do not constitute an "accident" sufficient to constitute an "occurrence" under such a policy.

36. Additionally, as quoted above, the policies expressly exclude coverage for property damage to that particular part of real property on which the insured or its subcontractors are performing operations, if the property damage arises out of those operations. Coverage is also excluded for damage to that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

37. As stated in its complaint, Stone-Tech is seeking recovery for the alleged faulty work performed by Artisan Stone related to the cleaning of a marble shower; as a result, Stone Tech claims damages related to the repair and/or replacement of the marble shower.

38. While there are allegations of damage to "other bathroom related items", discovery in the underlying suit revealed that the items are shower fixtures that were installed in the marble and part of the area where work was being performed. Further, Stone-Tech did not allege any economic damages related to the replacement or repair of the bathroom fixtures.

39. There are no allegation that the work of the Artisan Stone caused any accidental damage to third-party property, other than that upon which the insured was hired to perform its work.

40. Thus, because Stone-Tech's claims are premised on allegedly faulty work being performed by the Artisan Stone and the need to replace that very work, no accident resulting in damage to other property has been alleged that is sufficient to constitute an "occurrence" under the Policy; accordingly, there is no coverage under the Policy for defense or indemnification against the asserted claims pending in the underlying action.

41. Further, there is no coverage for any damage to the "other bathroom items" because the Policy, as noted, expressly excludes coverage for damage to that particular part of real property on which the insured or its subcontractors are performing operations, if the property

damage arises out of those operations; or that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

42.     Under the terms, definitions, declarations, endorsements, exclusions, conditions, and/or other policy language in the policies issue, coverage is excluded for the claims asserted and at issue in the underlying lawsuit

43.     Frederick Mutual reserves the right to amend and/or supplement the allegations with regard to coverage as this litigation progresses.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, hereby requests that this Honorable Court enter declaratory judgment in its favor, and issue a Decree that:

(1) Frederick Mutual has no duty under Businessowners policy (No. BP21912044) to defend or to pay defense cost to or on behalf of Artisan Stone and/or Stone-Tech, in relation to any and all claims asserted in the underlying litigation in the Mercer County, New Jersey Court of Common Pleas at Docket No. MER-L-0524-25

(2) Frederick Mutual has no duty under Businessowners policy (No. BP21912044) to indemnify Artisan Stone and/or Stone-Tech, in relation to any and all claims asserted in the underlying litigation in the Mercer County, New Jersey Court of Common Pleas at Docket No. MER-L-0524-25

(3) Afford such other relief as this Honorable Court deems just, proper, and equitable.

THOMAS, THOMAS & HAFER, LLP

Date: March 30, 2026

_____
James A. Cardenas, Esq.
Attorneys for Plaintiff